UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEMARCUS NARCISSE AND
JASMINE NARCISSE, *Plaintiffs*

VS.                                                                                             Cause No. _____

ALL WAYS TRANSPORTATION, LLC,
PLATINUM TRANSPORT INSURANCE
RRG, INC.; AND JOHN DOE, *Defendants*

## NOTICE OF REMOVAL AND REQUEST FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, All Ways Transportation, LLC and Platinum Transport Insurance RRG, Inc. ("Removing Defendants"), and file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 to hereby remove this matter from state court to the docket of this Honorable Court.

### I. BACKGROUND

Plaintiffs filed a lawsuit styled *Demarcus Narcisse and Jasmine Narcisse v. All Ways Transportation, LLC, Platinum Transport Insurance RRG, Inc., and John Doe,* Docket No. C-714471, in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, Section 24, on or about December 28, 2021.[1] The suit seeks damages for Plaintiffs' alleged injuries resulting from an accident occurring on or about May 22, 2021 in East Baton Rouge Parish between Plaintiffs and a vehicle driven by Defendant John Doe. Removing Defendants do not admit the underlying facts alleged by Plaintiff and deny liability to Plaintiffs.

---

[1] *See* Petition, attached as Ex. A.

1

## II. JURISDICTIONAL ARGUMENT

This suit is removable to this Court under and by virtue of the federal statutes and acts of Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, that provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

A. Diversity of Citizenship

Plaintiffs allege to be residents and domiciliaries of Carencro, Lafayette Parish, Louisiana.[2] A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has held that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings."[3] Defendant Platinum Transport Insurance RRG, Inc. is incorporated and maintains its corporate office in the State of Hawaii and, therefore, Hawaii it its principal place of business.[4] Most importantly, Platinum has no office or personnel in the State of Louisiana.[5]

---

[2] Ex. A.

[3] *Hertz Corp. v. Friend,* 559 U.S. 77, 92, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

[4] *See* Affidavit of Harish Kapur, attached as Ex. B.

[5] *Id.*

The Fifth Circuit has held that "the citizenship of a LLC is determined by the citizenship of all of its members" when determining whether complete diversity exists.[6] All Ways Transportation, LLC has one member, David Bell, who is domiciled in Texas.[7]

Because Plaintiffs are domiciled in the State of Louisiana and all defendants who have been served are domiciled, incorporated, and/or maintain their principal place of business in states other than Louisiana, there is complete diversity of citizenship among the parties. Therefore, this suit is subject to removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

B. Amount in Controversy

In cases seeking removal on the basis of diversity, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[8] However, pursuant to Louisiana law, Plaintiffs' Petition does not state a specific amount of damages being sought.[9] Removing Defendants assert that it is not clear on the face of the Petition whether the amount in controversy exceeds the jurisdictional threshold of $75,000.

A plaintiff's response to a request for admission concerning the amount in controversy is sufficient to prove the $75,000 threshold has been met.[10] Because the Petition was not clear on its face, Removing Defendants propounded requests for admission that Plaintiffs, responses to which were served May 23, 2022.[11] The relevant requests and answers are as follows:

---

[6] *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (2008).

[7] *See* Affidavit of David Bell, attached as Ex. C.

[8] 28 U.S.C.A. § 1446(c)(2).

[9] La. C.C.P. 893(A)(1); Ex. A.

[10] *See Pesch v. Progressive Northwestern Insurance Company, et al,* 2021 WL 1200889 *7-12 (W.D. La) (internal citations omitted) (slip copy).

[11] Ex. D, E.

3

**Demarcus Narcisse:**

**REQUEST FOR ADMISSION NO. 9:**

Admit you are seeking damages in excess of $75,000, exclusive of interest and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff's medical treatment and prognosis is uncertain however, after review of medical records received to date, plaintiff believes his damages will exceed $75,000.00, exclusive of judicial interest and court costs.

**Jasmine Narcisse:**

**REQUEST FOR ADMISSION NO. 9:**

Admit you are seeking damages in excess of $75,000, exclusive of interest and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff's medical treatment and prognosis is uncertain however, after review of medical records received to date, plaintiff believes her damages will exceed $75,000.00, exclusive of judicial interest and court costs.

Through these responses, Plaintiffs have admitted the amount in controversy exceeds $75,000 as to each claim and they will seek greater than that amount at trial. Therefore, the $75,000 threshold has been satisfied.

### III. REMOVAL PROCEDURE

A.  Timeliness of Removal

In general, removal should be done "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on

4

the defendant, whichever period is shorter."[12] As noted, *supra*, the amount in controversy was not clearly ascertained from Plaintiffs' Petition. Removing Defendants, therefore, point to 28 U.S.C. § 1446(b)(3) to demonstrate timeliness of this removal. This section states:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

A plaintiff's response to a request for admission concerning the amount in controversy is sufficient to prove not only that the $75,000 threshold has been met, but also to begin the 30-day period for removal.[13] Plaintiffs served their responses to requests for admission May 23, 2022, making this removal timely.

B.  Venue

Venue is proper within the Middle District of Louisiana because the matter is being removed from the 19th Judicial District Court of East Baton Rouge Parish, State of Louisiana. Pursuant to 28 U.S.C. § 1446, 1447(b) all pleadings in the state court shall be timely submitted.

## IV.  CERTIFICATION

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal. He likewise certifies that to the best of his knowledge, information, and belief formed after reasonably inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

---

[12] 28 U.S.C.A. § 1446(b)(1).

[13] *See Pesch* at *8-9 (response to request for admission "triggered the removal clock").

**WHEREFORE**, Removing Defendants pray that this Notice be accepted as good and sufficient, and that this civil action be removed from the 19th Judicial District Court of East Baton Rouge Parish, State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 19th Judicial District Court of East Baton Rouge Parish, and then proceed with the civil action as if it has been originally commenced in this Court. Removing Defendants request a trial by jury. Removing Defendant asserts that this removal in no way stipulates they are proper parties to this action and retain all defenses available to them.

Respectfully submitted, this the 14th day of June, 2022.

>*/s/ Kevin M. Melchi*_____
>**J. Scott Loeb (#25771)**
>**Kevin M. Melchi (#36908)**
>LOEB LAW FIRM
>1180 West Causeway Approach
>Mandeville, Louisiana  70471
>Tel.: (985) 778-0220
>Fax: (985) 246-5639
>kmelchi@loeb-law.com
>*All Ways Transportation, LLC and Platinum Transport Risk Retention Group, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of June, 2022 a copy of the foregoing pleading has been served on Plaintiff through his attorneys in a manner authorized by FRCP 5(b)(1) and/or via the court's CM/ECF system.

*/s/ Kevin M. Melchi*
**KEVIN M. MELCHI (#36908)**