UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DEMARCUS NARCISSE, ET AL.**

**VERSUS**

**ALL WAYS TRANSPORTATION, LLC,
ET AL.**

**CIVIL ACTION NO.:
3:22-CV-387-JWD-RLB**

### RULING ON PLAINTIFFS' MOTION IN LIMINE

Before the Court is the *Motion in Limine* ("Motion") filed by plaintiffs Demarcus Narcisse and Jasmine Narcisse ("Plaintiffs). (Doc. 106.) It is opposed by defendants All Ways Transportation, LLC, Platinum Transport Insurance, RRG, Inc., and David Tyrone Bell ("Defendants"). (Doc. 108.) The Court has carefully considered the law, facts in the record and the arguments and submissions of counsel and is prepared to rule. For the following reasons, the Motion is granted in part and denied in part.

**I.    BACKGROUND AND SUMMARY OF ARGUMENTS OF THE PARTIES**

This case arises out of a motor vehicle collision which occurred on May 22, 2021, between vehicles being driven by Plaintiff Demarcus Narcisse and Defendant David Tyrone Bell. (Doc. 11 at ¶ 4.) Jasmine Narcisse was a passenger in the vehicle being driven by her husband Demarcus Narcisse. (*Id.*) Plaintiffs claim personal injuries allegedly resulting from the negligence of Bell in causing the accident. (*Id.* at ¶¶ 5–7.)

In the Motion, Plaintiffs seek to exclude the following from trial:

1. Testimony from Plaintiffs' life care planner Todd Capielano that Demarcus Narcisse failed to tell Capielano about two of five previous accidents in which Demarcus was involved and injured. (Doc. 106-1 at 1–5.)[1] (Note: According to Capielano, Plaintiff did disclose three prior accidents of 2012, 2017 and 2018. (Doc. 106-3 at 6));

---

[1] All page citations are to document page numbers, not internal page numbers.

2. Testimony from Capielano that he did not receive and review medical records from all of the prior accidents that Demarcus Narcisse was involved in, including records arising from January 6, 2012, June 3, 2012, May 22, 2017, May 23, 2018, and March 22, 2019 accidents. (Doc. 106-1 at 1–5 (seeking to exclude Doc. 106-3 at 7–12));

3. Testimony from Capielano regarding Plaintiff Demarcus Narcisse's lost wages or earnings since Plaintiffs are not making a lost wage claim. (Doc. 106-1 at 5 (seeking to exclude Doc. 106-3 at 12–15));

4. Evidence concerning Plaintiffs' counsel's agreement to pay the medical bills of treating physician, Bradley Bartholomew, M.D. (Doc. 106-1 at 5–7); and

5. Defendants' timeline of prior accidents to the extent that the timeline includes reference to lawsuits and/or settlements. (Doc. 106-1 at 7.)

## II.     DISCUSSION

### a. *Testimony from Capielano – Prior Accidents and Prior Medical Records*

In his deposition, Capielano testified that Demarcus Narcisse told him about three prior accidents and that he included reference to those three accidents in his report. (Doc. 106-3 at 6.) However, Narcisse did not tell Capielano about two other accidents he had been involved in. (*Id.*) Plaintiffs argue this information is irrelevant since Capielano is not qualified to testify regarding the issue of what role, if any, these other accidents (disclosed or not) had in the injuries for which he is now seeking compensation. (Doc. 106-1 at 1–5.) Furthermore, these other accidents are not relevant to the life care plan about which this witness will testify. (*Id.*)

Defendants argue that this failure to be complete and truthful by not revealing all previous accidents when this information was sought by the life care planner for his report demonstrates a lack of credibility which is relevant and central to Defendants' case. (Doc. 108 at 1–3.)

The Court finds that the information is relevant on the issue of credibility since this information was sought by Capielano, made a part of his report, and Demarcus Narcisse failed to reveal to Capielano all prior accidents. Obviously, there are multiple inferences which can be

drawn from this failure (e.g., he forgot versus he intentionally concealed the information), but the information is relevant for purposes of the jury's consideration of Plaintiffs' credibility. However, the witness cannot be questioned on what role, if any, these accidents had in Narcisse's condition or similar questions since he was not hired for this purpose and is not qualified to answer such questions.

Regarding the issue of whether Capielano's failure to have been provided with medical records related to Plaintiff's prior accidents is admissible, it is unclear from the transcript whether gathering the medical records in connection with other accidents would be something Capielano would normally do as a part of his duties. If so, his failure to receive all the records may be inquired into. If not, such questioning will not be permitted. If Defendants wish to pursue this issue, Defendants will bring it up outside the presence of the jury before Capielano testifies.

### b. *Testimony from Capielano – Prior Earnings*

Unlike the issue regarding the reporting of prior accidents, Plaintiff Demarcus Narcisse's prior earnings is not relevant since he is not making a claim for lost wages (Doc. 106-1 at 5) ("Mr. Narcisse is not making a lost wage claim"), or loss of earning capacity claim (representation of Plaintiffs' counsel in previous status conference). Thus, the Motion is granted in this regard.

### c. *Plaintiffs' Counsel's Agreement to Pay Plaintiffs' Medical Bills*

Plaintiffs object to any evidence regarding counsel's agreement to pay Plaintiffs' medical bills. (Doc. 106-1 at 6 (citing *Feagins v. Wal-Mart Stores, Inc.*, No. CV 16-181-JWD-RLB, 2017 WL 8944098, at *1–2 (M.D. La. Sept. 20, 2017) and *Francis v. Brown*, 95-1241, pp. 9–10 (La. App. 3 Cir. 3/20/96), 671 So.2d 1041, 1047–48) ("To allow a jury to hear evidence that plaintiff's attorney provided the funds for her medical expenses only fanned the flames of the prejudice that now exists against civil litigants and their attorneys.")).) The objection references demonstrative

exhibits showing medical bills sent to Plaintiffs' counsel (Doc. 106-4 at 1–2.) and other documents in which Plaintiffs' counsel is shown to be a responsible party for the medical bills incurred by Plaintiffs with Dr. Bradley Bartholomew (*Id*. at 3–5).

In opposition, Defendants offer a single paragraph with one case citation and no effort made to distinguish the cases cited by Plaintiffs. (Doc. 108 at 3.) The Court finds that the case cited by Defendants, *Talbot v. Electric Insurance Co.*, No. CV 17-299-SDD-EWD, 2018 WL 8224789 (M.D. La. Nov. 16, 2018), is distinguishable in that the issue there was whether the referral of the plaintiff to a given physician was admissible and the Court held that it was. No such issue is present in this Motion.

The current issue deals only with the agreement of counsel to pay the medical bills of the plaintiff. Defendant made no effort to distinguish the cases cited by Plaintiff which the Court finds controlling. The Court finds that the agreement of Plaintiffs' counsel to pay Plaintiffs' medical bills as well any actual payments are a collateral source, inadmissible, and may not be introduced or mentioned by Defendants. *Feagins v. Wal-Mart Stores, Inc.*, 2017 WL 8944098, at *1–2; *Leininger v. Heaney,* 2023-0574 ---- So.3d ----, 2024 WL 3823429 at **19–22 (La. App. 4 Cir. 8/15/24). Defendants have not shown that there is an ongoing financial or referring arrangement between Plaintiffs' counsel and the physician or an attorney-negotiated medical discount or "write-offs" arrangement that would be admissible. *Id*. at *22. Furthermore, to the extent relevant (and the Court finds the relevance, if any, is minimal), the relevance is far outweighed by the substantial and unfair prejudice which would be caused by the admission of such evidence. If Defendants have evidence of the kind of ongoing relationship that would make the evidence admissible, Defendants should bring this to the attention of the Court at the pretrial status conference on the morning of trial, outside the presence of the jury and the Court will reconsider its ruling.

### d. *Reference to Prior Accidents, Lawsuits and Settlements*

In a prior ruling, the Court ruled that Defendants could introduce evidence and refer to prior accidents and injuries Plaintiff claimed to have received which produced injuries similar to those claimed here as this is relevant to the issue of medical causation and damages. (Doc. 101.) However, the Court granted Plaintiffs' earlier motion and ruled that Defendants could not mention, reference or introduce evidence regarding the particulars of the accidents in which the injuries were sustained, prior lawsuits or settlements as these were irrelevant and any possible relevance was outweighed by substantial unfair prejudice and potential confusion of the jury. (Doc. 111.) Plaintiffs now move to exclude two related demonstratives which Defendants intend to use which reference prior accidents, lawsuits, hiring of attorneys and settlements of both Plaintiffs. (Doc. 106.)

These demonstrative exhibits run afoul of the Court's prior ruling in that they refer to prior lawsuits, the hiring of attorneys, and settlements. Plaintiffs' Motion in that regard is granted and Defendants my not use the exhibits in Doc. 106-5 at 1–2 as they are presently configured or otherwise violate the Court's previous ruling. If Defendants intend to use revised demonstrative exhibits which eliminate those parts of the exhibits which are inconsistent with the Court's rulings, they must show opposing counsel the proposed exhibit no later than one week before trial. Any objections by Plaintiffs to the revised demonstratives will be brought to the attention of the Court by the Wednesday before trial.

### III.    CONCLUSION

Accordingly,

Plaintiffs' *Motion in Limine* (Doc. 106) is **GRANTED IN PART** and **DENIED IN PART** as detailed above.

Signed in Baton Rouge, Louisiana, on November 15, 2024.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**